UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOMSIK PHOTOGRAPHY, LLC, | Case No. 2:15-CV-1428 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ALWAYS AND FOREVER LAKESHORE EVENTS, LLC, et al., | |
| Defendant(s). | |

Presently before the court are defendants Always and Forever Lakeshore Events, LLC, and Raquel A. Ryan's motions to dismiss. (ECF Nos. 10, 11). Plaintiff filed a response to each motion (ECF Nos. 13, 14), and defendants subsequently replied. (ECF Nos. 15, 16).

**I.    Background**

Plaintiff Always and Forever Lakeshore Events ("AFLE") operates the website "Always and Forever Weddings and Reception" which can be accessed at http://lasvegaswedding4u.com ("website"). (ECF No.11). Plaintiff Raquel A. Ryan owns and manages the website in her official capacity as manager of AFLE[1]. (ECF No. 3-1 at 3, ECF No. 10). Plaintiff Tomisk Photography is a photography company operating in Nevada. (ECF No. 3-1). Plaintiff brought forth action for copyright infringement under 17 U.S.C. §501 et seq. and misappropriation of licensable commercial properties under Nevada common law. (ECF No. 3-1 at 1).

---

[1] In conducting a 12(b)(6) analysis, the court may consider additional facts contained in materials outside the scope of the complaint if the facts are contained in materials which the court may take notice. *Barron v. Reich,* 13 F.3d 1370,1374 (9th Cir. 1994). Here, this court takes judicial notice that defendant Ryan is the owner and manager of AFLE LLC, in accordance with Fed. R. Evid. 201(b)(1), because the fact is conceded in her response to the motion.

**James C. Mahan**
**U.S. District Judge**

Plaintiff claims that since June 2013, defendants willfully engaged in copyright infringement by hosting plaintiff's work on the website without permission. (*Id.* at 27-31). Plaintiff's complaint attached a certificate of registration issued by the Copyright Office for an image of a couple in wedding attire taken at Nevada's Valley of Fire. (ECF No. 3, 5). The copyrighted image can be seen displayed on the website. (ECF No. 3,4). Just above the image is the title "Always and Forever Lakeshore Events." (*Id.*).

When defendant AFLE filed its motion to dismiss (ECF No.11), it attached an affidavit by defendant Ryan attesting the company only recently took ownership of the website. *Id.* The affidavit alleges a different company, Always and Forever Wedding Chapel and Destinations, owned the website until AFLE acquired the website in April 2015. (*Id.*) AFLE further claims they removed the photo when plaintiff gave them notice in August 2015. *Id.*

**II.     Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations

**James C. Mahan**
**U.S. District Judge**

- 2 -

contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

Defendants Raquel A. Ryan and Always and Forever Lakeshore Events, LLC ("AFLE") seek to dismiss plaintiff's complaint under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants argue plaintiff's complaint neither provides fair notice nor pleads enough facts to state a claim that is plausible on its face.

To prevail on a claim of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright and (2) copying of protected elements of the copyrighted work. *Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.* 55 F.Supp.2d 113 (D. Nev. 1999) (*citing* 17 U.S.C. §501(b)). Copyright exists from the time of its creation. 17 U.S.C. § 302. As a threshold matter, the copyright must be officially registered to enforce a copyright infringement claim. 17 U.S.C. §§ 410, 411.

    *a.*    *Defendant Ryan*

Plaintiff alleges that defendant Ryan is liable for content posted on the AFLE website. Defendant Ryan admits to being the owner and manager of AFLE, but argues the plaintiff has not sufficiently pled facts demonstrating why the corporate veil ought to be pierced. The court agrees

**James C. Mahan**
**U.S. District Judge**

with the defendant. Plaintiff does not sufficiently allege that the corporate veil should be pierced to make defendant Ryan liable for copyright infringement.

The corporate veil is typically pierced as a result of ill-will in "rare exception, applied in the case of fraud or certain other exceptional circumstances, and usually determined on a case-by-case basis." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). In Nevada, liability may be assigned to an officer or owning party of a corporation "in circumstances where it appears that the corporation is acting as the alter ego of a controlling individual." *LFC Marketing Group, Inc. v. Loomis*, 116 Nev. 896, 902 (Nev. 2000).

Here, plaintiff states only that defendant Ryan "willfully committed copyright infringement."[2] However, owning or managing a company that commits a tort does not automatically make the owner or manager liable. Plaintiff's complaint merely recites the elements for copyright infringement followed by defendant Ryan's name. Such accusations are legally conclusory at best and do not sufficiently put defendant Ryan on notice regarding why the corporate veil should be pierced. Nowhere does the complaint or response allege malicious intent or that defendant AFLE is merely the alter ego of defendant Ryan. Therefore, defendant Ryan is dismissed from the complaint.

    b.    *Always and Forever Lakeshore Events, LLC*

Defendant AFLE argues that plaintiff has not stated a claim upon which relief can be granted because it did not own the website when copyright infringement began. Plaintiff's complaint states that "on or about June 2013, the defendants began to display an unauthorized reproduction of the work." Defendant claims that this statement pleads only one instance of copyright infringement. Defendant further argues the claim could not plausibly apply to it because it did not own the website during the time period cited in the complaint. Plaintiff counters the court

---

[2] The plaintiff alleges both defendants willfully committed copyright infringement. Nowhere in the complaint or response does the plaintiff sufficiently plead *willful* copyright infringement. *See generally Penpower Technology Ltd. v. S.P.C. Technology*, 627 F.Supp.2d 1083 (N.D. CA., 2008) (awarding less than minimal statutory damages when willful copyright infringement could not be established). Willful infringement requires showing the defendant intended to infringe on the copyright. *Id*. Accordingly, this court understands the complaint as copyright infringement without a mental state.

**James C. Mahan**
**U.S. District Judge**

- 4 -

should reject defendant's arguments because they raise arguments that are improper for a 12(b)(6) motion.

Plaintiff adequately pleads grounds for relief against AFLE because a plain reading of the language in the complaint demonstrates plausible copyright infringement. [3] While *Iqbal's* plausibility standard asks "for more than a sheer possibility that a defendant acted unlawfully, it does not extend so far as to impose a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The first element is plausibly pled because the plaintiff submitted a certificate of registration issued by the Copyright Office. (ECF No. 3, 5). Under common law, "registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright. . . ." *Ets-Hokin v. Sky Spirits, Inc.*, 225 F.3d 1068, 1075 (9th Cir. 2000).

The second element is plausibly pled because the complaint attached a photograph displaying the copyrighted image on a website with AFLE's name on it.[4] (FCE No. 3,4). Plaintiff needs to plead only that copyright infringement plausibly occurred once while defendant owned and operated the website. An image depicting AFLE's name above the image on a website expressly connects defendant to the copyrighted material. AFLE itself admits in its reply that it owned the website from at least April 2015.

Under the *Iqbal* standard, a visual depiction of the image next to the company name on a website, combined with admission from defendant AFLE that it owned the website after the plaintiff obtained copyright registration makes the complaint "plausible on its face." *Iqbal*, 556 U.S. at 678 (2009). At 677. AFLE's plausibility objection goes beyond the "short and plain statement of a claim" required by FRCP 8(a)(2).

---

[3] The incorporation by reference doctrine precludes courts from considering materials outside the complaint unless the court converts a Rule 12(b)(6) motion to dismiss into a motion for summary judgement. Fed. R. Civ. P. Rules 12(b)(6); *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996). Accordingly, at this time the court will not consider the attached affidavit. Instead, The affidavit is more appropriate after the pleadings stage for consideration in a motion for summary judgement.

[4] This court may consider materials submitted with the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

**James C. Mahan**
**U.S. District Judge**

The court therefore finds the complaint sufficiently pleads both elements of copyright infringement against defendant AFLE and denies the motion to dismiss.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, AJUDGED, AND DECREED that Raquel A. Ryan's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that Always and Forever Lakeshore Events, LLC's motion to dismiss (ECF No. 11) be, and the same hereby is, DENIED consistent with the foregoing.

DATED June 2, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**